UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

GERALD W. FILICE; URSULA FILICE,
EL DORADO COUNTY TAX COLLECTOR;
and STATE OF CALIFORNIA
FRANCHISE TAX BOARD,

        Defendants.

NO. CIV. 06-02528 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION FOR SUMMARY JUDGMENT

----oo0oo----

        Based on the joint tax returns signed and filed by defendants Gerald W. Filice and Ursula Filice ("defendants") for the tax years 1993 through 1997, a delegate of the Secretary of Treasury made assessments against them for unpaid federal income tax liabilities, penalties, and interest. (Pl.'s Stmt. of Undisputed Facts ¶ 1.) As of November 21, 2007, the unpaid federal taxes, assessed and accrued interest, and other statutory additions totaled $ 350,259.86 (Id. ¶¶ 2, 5 (itemizing the amounts owed); Beile Decl. Ex. 1.) On the dates of the assessments, a federal tax lien attached to the defendants'

1

property, including their real property located at 4040 Rontree Lane, Somerset, California, 95684 ("property"). (Id. ¶ 6; Ashwell Decl. Ex. 13 (defendants' Grant Deed to the property).) The Internal Revenue Service recorded a Notice of the Federal Tax Lien in El Dorado County on September 27, 1999. (Ashwell Decl. Ex. 14.) On November 13, 2006, the United States filed this action to reduce to judgment the federal tax assessments for tax years 1993 through 1997 and to foreclose on its tax lien against the defendants' property.

Currently before this court is the United States' motion for summary judgment requesting(1) entry of judgment against the defendants for the income tax liability; (2) a declaration of the validity of the United States' federal tax liens; and (3) an order of foreclosure of the property. Because defendants did not file any opposition to the motion, the court decides it without oral argument.[1]

---

[1] Because defendants failed to oppose the United States' motion for summary judgment, under Local Rule 78-230(c), defendants are not entitled to be heard at oral argument in opposition to the motion. The absence of an opposition does not, however, independently justify granting the motion. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993). However, since defendants failed to oppose the United States' factual assertions, the court is entitled to accept them as true. Gonsalves v. Conseco Ins. Co., No. 06-0058, 2007 WL 2898561, at *2 (E.D. Cal. Sept. 28, 2007); see also Fitzgerald v. Henderson, 251 F.3d 345, 353 (2d Cir. 2001) (noting that because plaintiff failed to oppose defendant's motion for summary judgment, "the only question that remains is whether summary judgment is 'appropriate'; that is, whether [d]efendant's evidentiary material establish[es] an absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law"); Gadsden v. Jones Lang Lasalle Ams., Inc., 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) (accepting facts in movant's Rule 56 papers as true because non-movant's opposition was rejected as untimely).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

The non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e); Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). However, any inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In its inquiry, the court must not engage in credibility determinations or weigh the evidence, for these are jury functions. Anderson, 477 U.S. at 255.

"In an action to collect tax, the government bears the

3

initial burden of proof.  The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due" and providing a "minimal factual foundation" for the assessment.  Oliver v. U.S., 921 F.2d 916, 919-20 (9th Cir. 1990) (internal citations omitted).  Unless the assessment is "without rational foundation or is arbitrary," "introduction of the assessment establishes a *prima facie* case" for the government.  Id.  Once "the government satisfies its initial burden by introducing the assessment, [] the taxpayer then has the burden of proof" to challenge the government's claim that the tax is due.  Id.

In support of its motion for summary judgment, the government has produced five Certificate of Assessments and Payments for defendants for the tax years 1993 through 1997, establishing that defendants owe $350,259.86, as of November 21, 2007.  (Ashwell Decl. Ex. 1-10; Beile Decl. Ex. 1.)  Factually, the assessments were based on self-reported liabilities on Forms 1040 filed and signed under penalty of perjury by the defendants. (Pl.'s Stmt. of Undisputed Facts ¶¶ 1-2.)  The Certificates of Assessments also establish that the tax liabilities were properly assessed by a duly authorized Secretary of Treasury, 26 U.S.C. §§ 6201-6203, and that the notices and demand for payment of the liabilities were properly sent to defendants.  26 U.S.C. §§ 6303(a), 6321.

In addition to the assessments and Forms 1040, the government also supports its motion with Requests for Admissions that the United States served on defendants.  The Requests for Admissions asked defendants to admit that the amounts assessed

4

were validly assessed and that the assessments have not been paid.  (Ashwell Decl. Ex. 11.)  Defendants did not respond to the Requests for Admissions, therefore the statements are deemed admitted.  Fed. R. Civ. P. 36; see also United States v. Cunningham, No. 04-2483, 2006 WL 1628010, at *5 (E.D. Cal. June 7, 2006).

The United States' recorded tax liens are also valid. "When a taxpayer neglects or refuses to pay a federal tax liability after assessment, notice, and demand for payment, [26 U.S.C.] § 6321 imposes a tax lien in favor of the government for 'all property and rights to property, whether real or personal' belonging to the taxpayer." Cunningham, 2006 WL 1628010, at *5 (quoting 26 U.S.C. § 6321) (citing Drye v. United States, 528 U.S. 49, 55 (1999)).  Defendants do not dispute that they own the property at issue or that the United States has valid tax liens against that property.

Accordingly, this court must grant summary judgment in favor of the United States because there is no genuine issue of material fact as to the defendants' tax liability or the validity of the United States' tax liens on defendants' property.

IT IS THEREFORE ORDERED that (1) the United States' motion for summary judgment be, and the same hereby is, GRANTED; (2) final judgment be entered against defendants in the amount of $350,259.86, plus accrued but unassessed interest and penalties as of November 21, 2007, plus interest pursuant to 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1691(c) and other accruals as allowed by law until paid in full; (3) the hearing set for January 7,

2008 be, and the same hereby is, VACATED; and (4) once the clerk of this court enters final judgment, the United States' federal tax liens shall be foreclosed and the subject property, described as Parcel 3, as shown on that certain map entitled "parcel map," filed in the office of the recorder of the county of El Dorado, State of California, on March 28, 1972 in book 5 of parcel maps at page 75, Assessor's parcel number 094-150-07, shall be sold pursuant to 28 U.S.C. § 2001 and the following terms:

    1.   The United States Marshal for the Eastern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the property.  The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this order.

    2.   The United States Marshal, his or her representative, or a PALS representative is authorized to have free access to the property and to take all actions necessary to preserve the property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the property is delivered to the ultimate purchaser.

    3.   Additional terms and conditions of the sale are as follows:

        a.   the sale of the property shall be free and clear of the interests of Gerald W. Filice, Ursula Filice, Citifinancial Mortgage, the United States, El Dorado County Tax Collector and

1  the State of California, Franchise Tax Board;
2         b.  the sale shall be subject to building lines, if
3  established, all laws, ordinances, and governmental regulations
4  (including building and zoning ordinances) affecting the
5  property, and easements and restrictions of record, if any;
6         c.  the sale shall be held at the courthouse of the
7  county or city in which the property is located, on the
8  property's premises, or at any other place in accordance with the
9  provisions of 28 U.S.C. §§ 2001 and 2002;
10        d.  the date and time for sale are to be announced by
11 the United States Marshal, his/her representative, or a PALS;
12        e.  notice of the sale shall be published once a week
13 for at least four consecutive weeks before the sale in at least
14 one newspaper regularly issued and of general circulation in El
15 Dorado County, and, at the discretion of the Marshal, his/her
16 representative, or a PALS, by any other notice deemed
17 appropriate.  The notice shall contain a description of the
18 property and shall contain the terms and conditions of sale in
19 this order of sale;
20        f.  The minimum bid will be set by the Internal Revenue
21 Service. If the minimum bid is not met or exceeded, the Marshal,
22 his or her representative, or a PALS may, without further
23 permission of this court, and under the terms and conditions in
24 this order of sale, hold a new public sale, if necessary, and
25 reduce the minimum bid or sell to the second highest bidder;
26        g.  the successful bidder(s) shall be required to
27 deposit at the time of the same with the Marshal, his/her
28 representative, or a PALS a minimum of ten percent of the bid,

7

with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California; before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement; no bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

   h. the balance of the purchase price for the property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California; if the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal income tax liabilities of Gerald W. Filice and Ursula Filice at issue herein; the realty shall be again offered for sale under the terms and conditions of this order of sale; the United States may bid as a credit against its judgment without tender of cash;

   i. the sale of the property shall be subject to confirmation by this court; the Marshal or a PALS shall file a report of sale with the court, together with a proposed order of confirmation of sale and proposed deed, within twenty days from the date of receipt of the balance of the purchase price;

   j. on confirmation of the sale, the Marshal or PALS

shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

      k.   on confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by all parties to this action are discharged and extinguished;

      l.   on confirmation of the sale, the recorder of deeds, El Dorado County, California shall cause transfer of the property to be reflected upon that county's register of title; and

      m.   the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

   4.   Until the property is sold, Gerald W. Filice and Ursula Filice shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

   5.   All persons occupying the property shall leave and

vacate the property permanently within thirty days of the date of this order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property).  If any person fails or refuses to leave and vacate the property by the time specified in this order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

      The proceeds arising from sale are to be paid to the clerk of this court and applied as far as they shall be sufficient to the following items, in the order specified:

   1.  To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

   2.  To all taxes unpaid and matured that are owed to Gerald W. Filice and Ursula Filice for real property taxes on the property;

   3. To Citifinancial Mortgage, in the amount of the balance due on the mortgage and deed of trust recorded on the property;

1     4.   The State of California, in the amount owed on its tax
2 lien for the tax year 1995;
3     5.   The United States, in the amount owed on its tax lien
4 that arose on November 26, 1996 for the tax year 1995;
5     6.   The State of California, in the amount owed on its tax
6 lien for the tax year 1996;
7     7.   The United States, in the amounted owed on its tax liens
8 that arose on April 13, 1998 for the tax year 1995, and amount
9 owed on the tax liens for the tax years 1993, 1994, 1996 and
10 1997;
11    8.   The State of California, in the amount owed on its tax
12 liens for the tax years 1997 through 2004.
13    9.   Any balance remaining after the above payments shall be
14 held by the Clerk until further order of the court.
15 DATED:   December 28, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE